IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARK T. SCHMIDT,

       Plaintiff,

v.

MILLIMAN, INC. d/b/a
IntelliScript,

       Defendant.

## COMPLAINT

## INTRODUCTION

1. Plaintiff Mark T. Schmidt seeks redress for violations of the Fair Credit Reporting Act 15 U.S.C. §1681 *et seq.* ("FCRA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. §1681p and 28 U.S.C. §§1331 and 1337.

3. Venue in this District is proper because a material part of the events at issue occurred in this District.

## PARTIES

4. Plaintiff is a resident of Wheaton, Illinois.

5. Defendant Milliman, Inc. d/b/a IntelliScript ("IntelliScript") is a Washington state corporation with its principal office at 1301 5th Avenue, Suite 3800, Seattle, WA, 98101-2635. Its registered agent and office is United Agent Group Inc., 707 W. Main Avenue, #B1, Spokane, WA, 99201. It also has offices at 17335 Golf Parkway, Suite 100, Brookfield, Wisconsin 53045.

6. IntelliScript operates a consumer reporting agency. It reports medical and prescription information on consumers for a fee.

7. IntelliScript is a "person" and "consumer reporting agency" as defined in 15 U.S.C. §1681a(b) and (f).

1

8. IntelliScript's reports are "consumer reports" as defined in 15 U.S.C. § 1681a(d).

**FACTS**

9. IntelliScript has been reporting an inaccurate prescription and medical history relating to Plaintiff to third parties during at least the last three years.

10. The information is derogatory, in that it attributes to Plaintiff many prescriptions, providers and medical conditions which do not pertain to Plaintiff.

11. The information has been furnished to third parties including one or more insurance companies.

12. The information is furnished to third parties for the purpose of identifying people who would be costly to insure.

13. As a result, Plaintiff was damaged in the following respects:

    a. He was denied insurance.

    b. He spent time and money dealing with IntelliScript and insurance companies for the purpose of correcting the incorrect information.

    c. He suffered emotional distress, anxiety, frustration, embarrassment and humiliation.

14. This is at least the second time Intelliscript has furnished inaccurate information about Plaintiff to insurance carriers, the first known inaccuracies being in 2022.

15. IntelliScript listed about 106 entries in the "medical history detail" section of its report on Plaintiff, of which at least 95 did not pertain to Plaintiff.

16. IntelliScript listed about 381 entries in the "prescription history detail" section of its report on Plaintiff, of which 379 did not pertain to Plaintiff.

17. The inaccurate entries involved pharmacies and medical providers at such distances from Plaintiff that their attribution to him should have raised immediate questions.

18. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's medical history, Plaintiff's health and Plaintiff's eligibility for health and insurance related products.

19. On information and belief, IntelliScript has faulty procedures for matching medical information to a person, with the result that it attributes medical information to the wrong person and combines files on different people.

20. Defendant knew or should have known that it was reporting inaccurate information about Plaintiff.

21. Defendant failed to review the information it attributed to Plaintiff to determine whether it made sense.

22. Plaintiff informed Defendant as early as 2022 that its report on him was almost entirely inaccurate.

23. Defendant thus knew, as early as 2022 and at all times relevant hereto, that the sources from which it obtained information returned information in no way related to Plaintiff.

24. Defendant knew, as early as 2022 and at all times relevant hereto, that the formulas and/or algorithms used to process information on people who were applying for insurance would provide information totally unrelated to the applicant.

25. Defendant knew, as early as 2022 and at all times relevant hereto, that the information it provided to insurance companies would directly impact, and would in fact drive, the decision of a company to accept or decline a person's request for coverage.

26. Defendants acts of wrongdoing are not isolated instances, but rather, are part of a pattern and practice of intentional and willful violations of the FCRA.

27. As early as 2022, and continuing thereafter, Defendant demonstrated its utter disregard for the law and for the rights of Plaintiff, in the following fashion:

    a. Stating, falsely, in the case of a false report concerning Plaintiff's prescription use, that its duty to comply with the obligations of the FCRA did not exist unless and until Plaintiff made contact with each and every pharmacy falsely identified as having provided medication to Plaintiff and obtained records (which, according to Plaintiff, did not exist) from the pharmacy, and

3

     forwarded the records obtained to Defendant.

    b. Stating, falsely, in the case of a false report concerning a doctor, hospital, or clinic treatment, that its duty to comply with the obligations of the FCRA did not exist unless and until Plaintiff made contact with each falsely reported provider, obtained a letter from each provider stating that the provider did not see Plaintiff and/or did not diagnose Plaintiff with the malady falsely attributed to Plaintiff, and forward each such letter to Defendant.

    c. Purporting to require that Plaintiff obtain information related to the false entries in his report, which was associated with unrelated individuals and not with Plaintiff, and provide that information to Defendant.

    d. Purporting to require that Plaintiff provide a reason for requesting a copy of his report before it would provide a copy to Plaintiff.

  28. Despite being informed of his rights by Plaintiff, Defendant never acknowledged that its claims of such "required" conditions precedent to correcting Plaintiff's report were false.

  29. Defendant has never acknowledged that, due to HIPAA restrictions, it was not reasonable to expect that a healthcare provider would honor a request, from an unrelated individual, to share confidential data about the patients whose information was improperly included in Plaintiff's report.

## COUNT I

  30. Plaintiff incorporates paragraphs 1-29.

  31. Defendant failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer reports, information and file in violation of 15 U.S.C. §1681e(b).

  32. Defendant committed such violations willfully or negligently, thereby violating 15 U.S.C. §1681n and/or §1681o.

  Section 1681n provides:

4

§1681n. Civil liability for willful noncompliance

(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–

   (1)

      (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or

      (2) such amount of punitive damages as the court may allow; and

      (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .

33. Section 1681o provides:

§1681o. Civil liability for negligent noncompliance

(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of--

   (1) any actual damages sustained by the consumer as a result of the failure;

   (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

WHEREFORE, the Court should award judgment in favor of Plaintiff and against Defendant for:

   i. Actual damages;

   ii. Statutory damages;

   iii. Punitive damages;

   iv. Attorney's fees, litigation expenses and costs of suit;

   v. Such other and further relief as is appropriate.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
Caileen M. Crecco
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1800
Chicago, IL 60603-1841
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com
dedelman@edcombs.com
tgoodwin@edcombs.com
ccrecco@edcombs.com

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

*/s/ Daniel A. Edelman*
Daniel A. Edelman